IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SALVADOR CUELLAR RAMIREZ,[1] <br> # 71218-079, <br><br> Plaintiff, <br><br> vs. <br><br> THOMAS N. FLEMING, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 14-cv-599-MJR <br> ) <br> ) <br> ) <br> ) |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, currently incarcerated at the CCA/Eden Detention Center in Texas, ("Eden"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He filed the suit on April 24, 2014, in the Northern District of Texas (Doc. 1). The case was transferred to this Court on May 23, 2014 (Doc. 7). Plaintiff's claim arose during his incarceration at FCI-Greenville, Illinois ("Greenville"). He claims that he lost the vision in his left eye due to the medical malpractice of Defendant Fleming, a private physician who performed surgery on Plaintiff's eye after a referral from the Greenville medical staff. He asserts that this incident violated his Eighth Amendment right to be free from cruel and unusual punishment.

In his complaint, Plaintiff states that he sought medical attention from Dr. Kruse, the Clinical Director at Greenville, for blurry vision in his left eye[2] (Doc. 1, p. 6). Dr. Kruse

---

[1] When this case was initially opened, Plaintiff's last name was listed as "Ramirez." However, a reading of the complaint discloses that, as is the custom with Hispanic surnames, his primary (paternal) surname is "Cuellar," and his second (maternal) surname is Ramirez. The Court's records have been corrected to reflect that Plaintiff's last name is "Cuellar Ramirez."

[2] In Plaintiff's Request for Administrative Remedy, he states that the problem was in his right eye (Doc. 1, p. 16).

(who is not listed in the complaint as a Defendant) and other unnamed medical staff at Greenville delayed treatment of Plaintiff's eye problem. In July 2011 he was sent to Defendant Dr. Fleming, who diagnosed him with glaucoma and retinopathy, and recommended surgery (Doc. 1, p. 6).

The warden's response to Plaintiff's Request for Administrative Remedy outlines Plaintiff's medical history (Doc. 1, p. 14). According to that summary, Plaintiff suffers from Non-Insulin Dependent Diabetes, and was diagnosed with Proliferative Degenerative Retinopathy to both eyes. In addition, he had blood in the interior of his left eye.

Defendant Fleming performed laser surgery on Plaintiff's left eye in December 2011, but it did not go well. Plaintiff claims that Defendant Fleming used the laser too many times, burning Plaintiff's left eye and causing him to lose the vision in that eye (Doc. 1, pp. 6-7). While Plaintiff blames Defendant Fleming's incompetence for his injury, he also claims the entire Greenville medical staff is responsible, because they failed to give him proper care before the surgery (Doc. 1, p. 7).

To make matters worse, once Dr. Kruse became aware that Plaintiff had lost his vision, he started to deny all Plaintiff's requests for care, and delayed or denied Plaintiff's follow-up visits to the specialist (it is not clear whether this specialist was Defendant Fleming or another doctor). *Id*.

Plaintiff seeks monetary damages for his loss of vision, pain, and suffering.

In the complaint, Plaintiff lists only one Defendant – Dr. Fleming. However, in the captions of his motion for leave to proceed *in forma pauperis* (Doc. 4) and his motion seeking the appointment of counsel (Doc. 5), he included five other individuals as Defendants, as well as the Bureau of Prisons. These additional Defendants are John Cross (Greenville Warden),

Dr. Kruse (Greenville Clinical Director), H.S.A. Poliman (H.S.A. presumably stands for Health Service Administrator), P.A. Adesanya (the Court assumes this is a Physician's Assistant), and Dr. Paul Harvey (Regional Clinical Director) (Docs. 4, 5).  In the body of the motion for appointment of counsel, Plaintiff asserts his desire to bring a Federal Tort Claim as well as an Eighth Amendment civil rights claim over his medical treatment (Doc. 5, p. 2).  However, he does not include any additional factual allegations against any specific Defendant other than Dr. Fleming.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

After fully considering the allegations in Plaintiff's complaint, the Court concludes that Plaintiff's Eighth Amendment claim against Defendant Fleming **(Count 1)** is subject to summary dismissal pursuant to § 1915A.  However, the factual allegations of the complaint indicate that Plaintiff may have a colorable federal claim against Greenville Doctor Kruse for deliberate indifference to his serious medical needs **(Count 2)**.  Further, Plaintiff may have a viable claim under the Federal Tort Claims Act for negligence on the part of Dr. Kruse, and possibly for Defendant Fleming's malpractice **(Count 3)**.  The latter two claims shall be referred to the United States Magistrate Judge for further review.

**Dismissal of Count 1 – Deliberate Indifference Claim Against Defendant Fleming**

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition.

"Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle,* 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Importantly, a defendant's inadvertent error, negligence or even malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Plaintiff's eye condition clearly constituted an objectively serious ailment. However, nothing in the complaint suggests that Defendant Fleming was deliberately indifferent to Plaintiff's condition – only that he performed the surgery in a negligent or incompetent manner. This does not violate the Constitution. Plaintiff therefore cannot maintain a constitutional deliberate indifference claim against Defendant Fleming, and Count 1 shall be dismissed without prejudice.

**Count 2 – Deliberate Indifference Claim Against Dr. Kruse for Delay and Denial of Care**

Although Plaintiff did not name Dr. Kruse as a Defendant in his complaint, the motions filed along with the complaint suggest that he intended to include claims against Dr. Kruse. Further, the factual allegations in the complaint claim that Dr. Kruse knowingly and purposely delayed care for Plaintiff's eye problem, both before and after the surgery, despite his awareness of the serious nature of Plaintiff's condition. As noted above, a delay or denial of care that worsened Plaintiff's condition or caused him pain may give rise to a deliberate indifference

claim.

In keeping with the Court's obligation to liberally construe the factual allegations of a *pro se* complaint, *see Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009), the Clerk shall be directed to add Dr. Kruse as a Defendant in this action, and Plaintiff shall be allowed to proceed with a deliberate indifference claim against him.

However, the complaint does not include any specific factual allegations against the other purported Defendants (Cross, Poliman, Adesanya, or Harvey) that would support a deliberate indifference claim against any of these individuals.  Plaintiff mentions only that "the whole Medical Clinical Staff" at Greenville is also responsible for his lost vision, because "[t]hey never gave the proper care of attention to Mr. Cuellar before the Surgery" (Doc. 1, p. 7).  This statement might suggest that the other medical providers were negligent in caring for Plaintiff, but does not describe any actions that would rise to the level of unconstitutional deliberate indifference.  Further, Warden Cross is not a medical provider, and cannot be held liable merely because he was the administrator in charge of the prison.  *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (doctrine of *respondeat superior* is not applicable to § 1983 actions).

The present complaint thus fails to state a constitutional claim upon which relief may be granted against Cross, Poliman, Adesanya, or Harvey.

**<u>Count 3 – Federal Tort Claims Act</u>**

Negligent conduct or medical malpractice may be actionable under the Federal Tort Claims Act ("FTCA"), even though they cannot be pursued as civil rights claims.  *See* 28 U.S.C. § 1346(b); § 2671 *et seq*.  Federal prisoners may bring suit against the United States under the FTCA for injuries they sustain while incarcerated.  *See Palay v. United States*, 349

F.3d 418, 425 (7th Cir. 2003). However, they must first present the claim to the federal agency responsible for the injury. *Id.* Under the act,

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).

Although Plaintiff complained about his treatment through the Administrative Remedy process, and filed a "Claim for Damage, Injury, or Death" (Doc. 1, p. 17), it is not clear whether he properly invoked the FTCA administrative claim procedure or whether he received a final response. If this was not done, he may not be able to sustain an FTCA action. However, given the nature of Plaintiff's allegations, further review is appropriate to determine whether he may have a viable FTCA claim.

As to Dr. Kruse, additional factual development will be required in order to determine whether his actions amounted to unconstitutional deliberate indifference. In the alternative, he may have been negligent in his handling of Plaintiff's requests for medical attention, which would point to a potential FTCA claim. Likewise, the evidence may indicate that one or more of the other medical staff members (Poliman, Adesanya, or Harvey) were negligent in their handling of Plaintiff's medical needs. It appears that Dr. Kruse, Poliman, Adesanya, and Dr. Harvey are all "government employees" within the meaning of the FTCA. However, there is insufficient information in the complaint to determine at this time whether Defendant Fleming, a physician in private practice, was also a "government employee" whose

actions may be the subject of an FTCA claim. While the negligence or malpractice of these individuals forms the basis of the FTCA claim, the United States of America is the only proper defendant in an FTCA action. *See* 28 U.S.C. § 2679(b).

These matters shall be referred to the United States Magistrate Judge for further consideration. To that end, the Clerk shall be directed to add the United States as a party in order for the FTCA claim to proceed.

**Pending Motion**

Plaintiff's motion for recruitment of counsel (Doc. 5) shall be referred to the United States Magistrate Judge for further consideration.

**Disposition**

The Clerk is **DIRECTED** to add the following party Defendants: **DR. KRUSE** (Greenville Clinical Director), and the **UNITED STATES of AMERICA**.

**COUNT 1** for deliberate indifference against Defendant Fleming is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Defendant **FLEMING** is **DISMISSED** from this action without prejudice.

As to **COUNTS 2 and 3,** The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendant **KRUSE,** as well as a summons for service of process on the **UNITED STATES**; the Clerk shall issue the completed summons. The United States Marshal **SHALL** serve Defendant **KRUSE** pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.[3] All costs of service shall be advanced by the

---

[3] Rule 4(e) provides, "an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's

United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of each summons, the complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of each summons, the complaint, and this Memorandum and Order.

It is **FURTHER ORDERED** that Plaintiff shall serve upon Defendant Kruse, or if an appearance has been entered by counsel, upon his attorney, *and* shall serve upon the United States Attorney for the Southern District of Illinois, a copy of every pleading or other document submitted for consideration by this Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to the Defendant or his attorney, and on the United States Attorney.  Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 5).

Further, this entire matter shall be **REFERRED** to United States Magistrate

---

dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or law to receive service of process."

Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 17, 2014**

                                               s/ MICHAEL J. REAGAN
                                               United States District Judge