IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SALVADOR CUELLAR RAMIREZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14–cv–0599–MJR-SCW |
| ) | |
| DR. KRUSE and ) | |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN,** Chief Judge:

### INTRODUCTION AND PROCEDURAL HISTORY

*Pro se* Plaintiff Salvador Cuellar Ramirez, currently incarcerated in Texas, initially brought this § 1983 civil rights lawsuit in the Northern District of Texas in April 2014. (Doc. 1.) Plaintiff has alleged that, during his 2010–2012 incarceration at FCI Greenville (in this District), Defendants' unlawful conduct caused him to lose vision in his left eye. (Doc. 1.) Surviving threshold were an Eighth Amendment deliberate indifference claim against Dr. Kruse and various tort claims against the United States. The case was transferred to this judicial district on June 17, 2014. (Doc. 14.) Venue is proper here because the events complained of took place in this district.

Before the Court is the United States' Motion for Summary Judgment, filed on September 15, 2014. (Doc. 26). The United States claims that it is entitled to a summary judgment by the Court because Plaintiff has failed to file his lawsuit

1

within the time allowed by the Federal Tort Claims Act (FTCA). (Doc. 26.) In support, the United States attached (1) a declaration by Heather MacConnell, a legal secretary employed by the Federal Bureau of Prisons (BOP) with access to BOP's records (Doc. 26-1); (2) Plaintiff's first administrative complaint to BOP, BOP's response and final denial to it (Doc. 26-2); and (3) Plaintiff's second administrative complaint to BOP, BOP's response and final denial to it (Doc. 26-3).

Plaintiff had until October 20, 2014 to file a response, which he failed to do. *See* SDIL-LR 7.1(c)(1), SDIL-LR 5.1(c). In this judicial district, failure to timely respond to a motion may be considered an admission of the motion's merits. **SDIL-LR 7.1(c)**; *Whitfield v. Snyder*, 263 F. App'x 518, 521 (7th Cir. 2008). The Court considers Plaintiff's failure to respond as an admission to the facts presented in support of United States' motion. Accordingly, the United States' motion is **GRANTED** and Plaintiff's claims against the United States are **DISMISSED with prejudice**.

## LEGAL STANDARDS

### 1. *Summary Judgment Standard*

Summary judgment is proper only if the admissible evidence considered as a whole shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Dynegy Mktg. & Trade v. Multiut Corp.*, 648 F.3d 506, 517 (7th Cir. 2011) (citing Fed. R. Civ. P. 56(a)). The party seeking summary judgment bears the initial burden of demonstrating—based on the pleadings, affidavits and/or information obtained via discovery—the lack of any

genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether a genuine issue of material fact exists, the Court must view the record in a light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

At summary judgment, the Court's role is not to evaluate the weight of the evidence, to judge witness credibility, or to determine the truth of the matter, but rather to determine whether a genuine issue of triable fact exists. *Nat'l Athletic Sportswear, Inc. v. Westfield Ins. Co.*, 528 F.3d 508, 512 (7th Cir. 2008).

In this judicial district, failure to timely respond to a dispositive motion "may, in the Court's discretion, be considered an admission of the merits." **SDIL–LR 7.1(c)**. Such local rules "streamline litigation and save litigants, lawyers and courts time and money." *Chelios v. Heavener*, 570 F.3d 678, 687 (7th Cir. 2008). And while summary judgment can never be automatic, a party's failure to properly address a movant's assertion of fact can prompt a court to consider the movant's fact undisputed for the purposes of a summary judgment motion. *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012); Fed. R. Civ. P. 56(e)(2).

2. *Statute of Limitations under 42 U.S.C. § 2401(b)*

Plaintiff's claims against the United States are based on the Federal Tort Claims Act (FTCA), which allows individuals to sue the United States in federal court "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the

United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003) (quoting 28 U.S.C. § 1346(b)(1)). The FTCA requires that an action be filed "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). Though the requirement is technically not a jurisdictional one, a plaintiff's failure to comport with the statutory timelines leaves him with no statutory right to recover. *See Palay*, 349 F.3d at 424–25; *Parrott v. United States*, 536 F.3d 629, 635 (7th Cir. 2008).

## ANALYSIS

Plaintiff was incarcerated at FCI Greenville between January 5, 2010 and August 6, 2012. In December 2011, Plaintiff alleges that Dr. Fleming, who is not a party here, performed eye surgery on him. (Doc. 1, p. 6). Defendant Dr. Kruse then denied Plaintiff's requests for necessary follow-up and specialist's visits. (Doc. 1, pp. 6-7). As a result of the surgery, Plaintiff is now blind in his left eye.[1] (Doc. 1, p. 6). Plaintiff submitted two administrative claims for damages to the Office of Regional Counsel. (Doc. 26-2) (Doc. 26-3). The first one was dated March 8, 2012. (Doc. 26-2, p. 2). The second was dated July 12, 2012. (Doc. 26-3).

---

[1] Although Plaintiff requests to be compensated for his loss of eye sight, at some places in the Complaint Plaintiff explicitly states that the loss of vision is only in his left eye. Plaintiff's filings have not stated that he has difficulty reading or filing pleadings in this case due to his vision, and therefore the Court presumes that Plaintiff's vision is not an obstacle to the progress of this litigation.

The United States attached two letters by the BOP: one dated June 18, 2012 (Doc. 26-2) and another September 6, 2012 (Doc. 26-3). The legitimacy of the letters has been corroborated by the declaration of Heather MacConnell, a legal secretary for BOP (Doc. 26-1). Both letters are addressed to Plaintiff and clearly state that they each serve as final denials to his first and second administrative complaint, respectively. (Doc. 26-2; Doc. 26-3.) Plaintiff also submitted paperwork related to his administrative claims with his Complaint. (Doc. 1, pp. 9-16). Most of this documentation is from 2012, and is consistent with the documentation submitted by the government. (Doc. 1, pp. 9-16). Accordingly, Plaintiff was required to file his claim on or before March 6, 2013, six months after he received his second final denial, at the latest. Yet, Plaintiff did not file his claim until over a year later, on April 24, 2014. (Doc. 1.) It is clear to the Court that Plaintiff has thus failed to file his claim within the time allowed by the FTCA.

Plaintiff, perhaps in an attempt to get around this requirement, submitted a third claim form dated April 15, 2014. (Doc. 1, p 17).   However, the form is directed to the United States District Court, which clearly violates the printed instructions on the form directing the claimant to submit the form to the agency whose employees injured him. (Doc. 1, pp. 17-18). Additionally, as both the rejections submitted by the United States make clear, those rejections were final decisions that Plaintiff was required to appeal to the District Court within six months, or file a request for reconsideration. (Doc. 26-2, p. 4) (Doc. 26-3, p. 6); **28 C.F.R. § 14.9**. Taking Plaintiff's second submission, as a request for

reconsideration, the denial of September 6, 2012 required Plaintiff to file suit within six months. He failed to do so. Hence, he failed to comport with the FTCA's requirements. The Court accordingly **GRANTS** the United States' Motion for Summary Judgment (Doc. 26).

## CONCLUSION

By failing to respond to the United States' motion, Plaintiff effectively concedes he did not timely file suit pursuant to Section 2401(b). The Court therefore **GRANTS** the United States' Motion for Summary Judgment (**Doc. 26**), and Plaintiff's case against the United States is **DISMISSED with prejudice**. Plaintiff's claim against Dr. Kruse remains pending.[2]

IT IS SO ORDERED.

DATED: March 2, 2015    /s/ *Michael J. Reagan*
Michael J. Reagan
Chief Judge
United States District Court

---

[2] The threshold order indicates an FTCA claim survived as to Dr. Kruse, so it is worth clarifying here. "The *only* proper defendant in an FTCA action is the United States." ***Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008) (emphasis here)**. So the only claim left is Plaintiff's *Bivens* / Eighth Amendment claim against Kruse.